## ROLLIN AMSDEN v. FITCH & ENRIGHT.

MAY TERM, 1895.

*Insolvency. Fraudulent conveyance. Practice. Evidence.*

1. The suit being to recover property conveyed in fraud of the insolvency law, the amount of debts due the insolvent is material and the exclusion of evidence upon that subject error.

2. *Held*, that evidence that a part of the proceeds from the property conveyed was used to pay a note of the insolvent should have been admitted.

3. As bearing upon his intent, the one taking the conveyance may state that he had no doubt that the insolvent would pay his debts in full.

4. A judgment upon the direction of a verdict will be reversed, if the court during the trial excluded evidence tending to support the cause of action upon the part of the adverse party.

5. The sale by a retail dealer of his entire stock in trade is not made in the ordinary course of business and is *prima facie* in fraud of the insolvent law under R. L. s. 1861.

Trover for a stock of goods.    Plea, the general issue. Trial by jury at the December term, 1894, Windsor county, Ross, C. J., presiding.    At the close of the testimony the court directed a verdict for the defendants.    The plaintiff excepts.

Prior to November, 1893, one Whitcomb had kept a furniture store in the village of Windsor.    In April of that year he and his partner executed a note to the Windsor Savings Bank for five hundred dollars, procured defendants to indorse

the same as sureties and secured them for so doing by giving them a chattel mortgage upon their stock in trade. In August he bought out his partner, agreeing to pay the debts of the concern. November 10 he sold his entire stock to the defendants, who on the same day sold it to another firm of furniture dealers in Windsor. It was conceded that Whitcomb was then actually insolvent, and he was subsequently so adjudged and the plaintiff appointed his assignee, who brought this suit, claiming that the conveyance was void as against insolvency proceedings. The questions upon the admission of evidence appear from the opinion.

*Gilbert A. Davis* for the plaintiff.

This sale was not in the regular course of business and was *prima facie* void. *Reed, assignee,* v. *Moody,* 60 Vt. 668, 672; *Leach, assignee,* v. *Burlington Savings Bank,* 64 Vt. 626; *Tapscott* v. *Lyon,* (Cal.) 36 Pac. Rep. 225; *Reynolds* v. *Weiman,* Texas Civ. App. 25 S. W. Rep. 33; *Hargadem* v. *Davis,* Texas Civ. App. 26 S. W. Rep. 424.

*W. E. Johnson* and *William Batchelder* for the defendants.

What the insolvent did with the proceeds of the sale was immaterial. His acts after the transaction was completed could not affect the defendants. Jones, Chat. Mort., s. 775a; *Beck* v. *Parker,* 65 Penn. 262; *Phœnix* v. *Ingraham,* 5 Johns. 412.

TAFT, J.   The court excluded testimony offered by the plaintiff. If it was material and pertinent, tending to support the plaintiff's cause of action; such exclusion was error, notwithstanding the court ordered a verdict for the defendants.

I.   The amount of the property of Whitcomb, the insolv-

ent, was a material fact. That he was insolvent was conceded. Whether the amount of the accounts due him in his business was large or small-might be an important factor in determining whether one taking a conveyance of any of his property had reasonable cause to believe him insolvent, and in determining the intent with which he took the conveyance. It was error to exclude the testimony to show that the amount of the accounts due the insolvent was two hundred and five dollars.

II.   At the time Enright and Fitch took the conveyance of the property of the insolvent, Enright knew of the latter's indebtedness upon the Rix note; the testimony tending to show that an arrangement was immediately thereafter made, by which the Rix note was to be paid out of the proceeds of the sale to the defendant, was excluded. We are of opinion that the testimony tending to show the disposition of the proceeds of the sale, in this respect, was material, and it was error to exclude it. What became of the property, or proceeds of it, after it went into the defendants' hands might throw some light upon the intent with which they took the conveyance, and whether the conveyance was taken in fraud of the insolvent laws.

III.   As bearing upon the intent with which the defendant, Fitch, took the conveyance we think it was legitimate for him to state he had no reason to doubt but that Whitcomb would pay his debts in full. It was not the question that the jury were trying. The question before them was whether he had reasonable cause to believe Whitcomb was insolvent. He may, in fact, have believed Whitcomb could pay his debts, but at the same time been chargeable with reasonable cause to believe him insolvent. A person may have property enough to pay his debts in full and still be an insolvent, *i. e.*, unable to meet his obligations in the usual way, when they mature. There was no error in permitting him to answer

this question.   These are the only questions of evidence
made by the brief for the plaintiff.

IV.   Holding that the testimony offered by the plaintiff
was improperly excluded requires a reversal of the judg-
ment, but in ordering a verdict we think the court erred.
R. L. s. 1861 provides that the sale of property by a person
being insolvent or in contemplation of insolvency not made
in the usual and ordinary course of business shall be *prima
facie* evidence of fraud.   The sale by a retail dealer of his
entire stock in trade is not made in the ordinary course o1
business.   *Read* v. *Moody*, 60 Vt. 668.   As the sale to the
defendants was of the insolvent's entire stock in trade, the
case could not have properly been taken from the jury, since
a *prima facie* case was made out.

What rights of the defendants, under their chattel mort-
gage, if any, they could avail themselves of, in this action,
or what damages the plaintiff is entitled to, if he recovers,
are questions not mooted upon the trial below.   We there-
fore do not consider them.

*Judgment reversed and cause remanded.*